OPINION of the Court, by
Judge Logan.
Cham* here declared in covenant against Handley upon his ob-bgafion for the conveyance of land, and recovered judg-mentfor 490Í.; to injoin which Handley filed his bill in chancery, alleging f raud in the procurement of said jndgnumt, and praying for a new trial and general relief.
It appears that after suing out the writ in the action atlaw, Handley wrote to the sheriff requesting him to return the same executed ; but this the deputy sheriff in whose hands the process was, did not think himself au- *285 thorised to do, and returned on the writ “ not found.” That afterwards the sheriff of the county was prevailed upon, from the advice of others, to alter the return; which having been done, proceedings were thereupon had and the judgment obtained.
The proof is very satisfactory to show that Handley had been induced to believe that the writ had been returned, as it really was, with a « non est inventus,” and that in all probability he had not been otherwise informed until sometime after the rendition of the judgment.
And we think the evidence in the cause, moreover, clearly shows that the judgment. was unjust. The court, therefore, correctly decreed a new trial at law, in which the defendant might avail himself of every legal defence to which by law and his contract he was entitled.
We see nothing in the objection to the decree, arising from the removal of the suit in chancery to the district court, and that court, or the circuit court which was vested with its jurisdiction, decreeing a new trial in the action at law, which must necessarily have been where the common law suit remained, for that cause had not been removed, but remained in the county of Hardin, where it was commenced.
The decree must therefore be affirmed with costs.